IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION (F/K/A MOBIL CORPORATION), | § § § | |
|    Plaintiff, | § § | CIVIL ACTION NO. _22-1873_ |
| VS | § § | |
| AIG SPECIALTY INSURANCE CO. (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO.) , | § § § § | |
|    Defendant. | § § | |

## DEFENDANT AIG SPECIALTY INSURANCE CO.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Defendant, AIG SPECIALTY INSURANCE CO. formally known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO. ("AISLIC"), files its Notice of Removal.

## INTRODUCTION

1.     With this Notice, AISLIC removes Cause No. DC-22-08019, pending in the 44th Judicial District Court, Dallas County, Texas.  AISLIC timely files this notice of removal pursuant to 28 U.S.C. §1446(b), within the thirty (30) days of the date on which AISLIC was able to ascertain that this lawsuit was removable and/or within thirty (30) days after the receipt by AISLIC, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## NATURE OF THE STATE COURT ACTION

2.        AISLIC issued Mobil Corporation an excess liability policy, Policy No. 773 95 16,

for the period January 1, 1995 through January 1, 2001, with retroactive coverage from January 1,

1993 (the "Mobil First Layer Policy").

3.        Under the Mobil First Layer Policy, Mobil Corporation is the "Named Insured."

The First Layer Policy provides in pertinent part that:

> The Named Insured or such other person as it shall designate in Item 5 of the Declarations shall represent the Named Insured and any and all Insureds hereunder in all matters under this Policy, including, without limitation, payment of premium, negotiation of the terms of renewal and/or reinstatement and the adjustment, settlement and payment of claims.

4.        The Mobil First Layer Policy has limits of $50 million, excess of a $40 million

annual aggregate retention and a $10 million per occurrence retention.

5.        On or about July 14, 2022, the Plaintiff filed an action against AISLIC in the 44th

Judicial District Court, Dallas County, Texas styled *ExxonMobil Oil Corporation (f/k/a Mobil
Corporation) v. AIG Specialty Insurance Co. (f/k/a American International Specialty Lines
Insurance Co.)* (the "State Court Action").

6.        The claim against AISLIC in the State Court Action is an insurance coverage

dispute involving the fulfillment of retentions under the Mobil First Layer Policy in connection to

benzene related claims.

7.        AISLIC was served on July 29, 2022 in the State Court Action.

8.        AISLIC filed its answer in the State Court Action prior to removal.

## JURISDICTIONAL BASIS FOR REMOVAL

9.        This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The United

States District Court has jurisdiction of this action, since it is between citizens and corporations of

different States and the matter in controversy exceeds the sum or value of $75,000.  AISLIC is a corporation incorporated under the laws of Illinois, with its principal place of business in New York.   Based upon corporate records, the named Plaintiff in this action – ExxonMobil Oil Corporation ("ExxonMobil Oil") (allegedly formerly known as Mobil Corporation) – is not the real party in interest.  The real party in interest is the party denominated by ExxonMobil Oil as "f/k/a Mobil Corporation".  Mobil Corporation, however, is an active corporation in good standing under the laws of Delaware, with its principal place of business in Texas.  ExxonMobil Oil improperly identified Mobil Corporation as "formerly known as" when in fact it still exists and is the only proper party to assert this claim. The corporate history of Mobil Corporation, the First Named Insured under the Mobil First Layer Policy, demonstrates that it is the real party in interest to bring this claim against AISLIC.

10.     In 1976, Mobil Oil Corporation became a wholly owned subsidiary of Mobil Corporation.  At the time the Mobil First Layer Policy was issued by AISLIC to Mobil Corporation in 1995, Mobil Oil Corporation continued to be a wholly owned subsidiary of Mobil Corporation.

11.     In 1999, Mobil Corporation merged with Lion Acquisition Subsidiary Corporation, a subsidiary of Exxon Corporation, with Mobil Corporation being the surviving corporation and Lion Acquisition Subsidiary Corporation ceasing to exist.  The surviving corporation, Mobil Corporation, still exists.  Upon effectiveness of the 1999 transactions, Exxon Corporation changed its name to Exxon Mobil Corporation.

12.     In 2001, Mobil Oil Corporation changed its name to ExxonMobil Oil Corporation, the putative named plaintiff in this action.  ExxonMobil Oil is the successor by name change to Mobil Oil Corporation, not Mobil Corporation.  Mobil Oil Corporation is a separate and distinct entity from Mobil Corporation.  By using the phrase "f/k/a" in the caption to this action,

ExxonMobil Oil indicated that it was the successor to Mobil Corporation by way of name change. *See, e.g.*, *Villare v. Katz*, No. 08C-10-061 PLA, 2010 WL 2125462, at *5 (Del. Super. Ct. May 10, 2010) (use of moniker "f/k/a" or "formerly known as" for Delaware corporation is indicative of a name change); *Envo, Inc. v. Walters*, No. CIVA 4156-VCP, 2009 WL 5173807, at *1 (Del. Ch. Dec. 30, 2009), *aff'd,* No. 460, 2012, 2013 WL 1283533 (Del. Mar. 28, 2013) (same).  There is no evidence of such a transaction in the corporate records of Mobil Corporation, ExxonMobil Oil, or Exxon Mobil Corporation.  Moreover, ExxonMobil Oil cannot be the successor by name change to Mobil Corporation because Mobil Corporation, the first Named Insured under the Mobil First Layer Policy, still exists and continues to be an active corporation in good standing under the laws of Delaware.

13.     "Every action shall be prosecuted in the name of the real party in interest." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting FED. R. CIV. PRO. 17(a)).  "'The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'  The purpose of this provision 'is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right.'"  *Id.* (quoting *Farrell Construction Co. v. Jefferson Parish, La.,* 896 F.2d 136, 140, 142 (5th Cir. 1990)).  The real party in interest to bring this suit is Mobil Corporation, who has the substantive right under the Mobil First Layer Policy to enforce.

14.     Mobil Corporation is a corporation incorporated under the laws of Delaware, with its principal place of business in Texas.  There is complete diversity between Mobil Corporation, who is a citizen of Delaware and Texas, and AISLIC, who is a citizen of Illinois and New York.

The addition of ExxonMobil Oil supposedly as successor to Mobil Corporation is factually incorrect and improper.  Mobil Corporation is an existing entity that is the First Named Insured in the Policy that is the subject of the action.  *See Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) ("Accordingly, we will not deem [plaintiff]'s corporate citizenship controlling when it acts merely as an agent representing the interests of others.  In such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute.").  ExxonMobil Oil knew that its own citizenship would defeat diversity and attempted to prevent AISLIC from removing the State Court Action by improperly relying on its citizenship as opposed to Mobil Corporation's citizenship.  *See Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 437 (S.D. Ind. 2004) (holding that suing in plaintiff's name "was a strategic and tactical decision in contravention of Rule 17(a)" and dismissing action after it was removed based on diversity).

## VENUE IS PROPER IN THIS COURT

15.    The United States District Court for the Northern District of Texas – Dallas Division embraces the county in which the State Court Action was filed.  Accordingly, this case is properly removed to this Court under 28 U.S.C § 1446(a).

## REMOVAL IS TIMELY

16.    The State Court Action was filed on or about July 14, 2022.  AISLIC received formal service of process on July 29, 2022 and was delivered a copy of the citation and Plaintiff's Original Petition.  AISLIC timely files this notice of removal pursuant to 28 U.S.C. § 1446(b), within the thirty (30) days of the date on which AISLIC was able to ascertain that this lawsuit was removeable and/or within thirty (30) days after the receipt by AISLIC, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## **OTHER MATTERS**

17.     Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C § 1446(d).

18.     Pursuant to 28 U.S.C § 1446(a) and Local Rule 81.1, a copy of the docket sheet in the State Court Action, an index of all filings to date in the State Court Action, copies of all such documents and signed certificate of interested persons are attached as follows:

> Exhibit A -     State Court Docket Sheet
>
> Exhibit B -     Index of State Court Filings
>
> Exhibit C -     State Court – Civil Case Information Sheet
>
> Exhibit D -     State Court – Original Petition
>
> Exhibit E -     State Court – Issue Citation – AIG Specialty Insurance Co.
>
> Exhibit F -     State Court – Order – Status Conference
>
> Exhibit G -     State Court – Executed Citation – AIG Specialty Insurance Co.
>
> Exhibit H -     State Court – Defendant's Original Answer
>
> Exhibit I -     Certificate of Interested Persons/Disclosure Statement

19.     Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served upon ExxonMobil Oil's counsel, and a copy is being filed with the Clerk of the District Court of Dallas County, Texas.

WHEREFORE, AISLIC hereby removes this action to the United States District Court for the Northern District of Texas – Dallas Division.

Dated: Dallas, Texas
         August 23, 2022

Respectfully submitted,

**GRAY REED**

By: */s/ Darin L. Brooks* _____
    Darin L. Brooks
    Texas Bar No. 00796252
    Brian E. Waters
    Texas Bar No. 24078035
    1300 Post Oak Blvd., Suite 2000
    Houston, Texas 77056
    Telephone: (713) 986-7000
    Facsimile:  (713) 986-7100
    Email: dbrooks@grayreed.com
         bwaters@grayreed.com

    London England
    Texas Bar No. 24110313
    1601 Elm Street, Suite 4600
    Dallas, Texas 75201
    Telephone: (214) 954-4135
    Facsimile: (214) 953-1332
    Email: lengland@grayreed.com

     -And-

STROOCK & STROOCK & LAVAN LLP

By:  */s/ Robert Lewin* _____
    Robert Lewin*
    Christopher Ash*
    180 Maiden Lane
    New York, New York 10038
    (212) 806-5400
    rlewin@stroock.com
    cash@stroock.com
    *Attorneys for Defendant AIG Specialty*
    *Insurance Co.*
    **Pro hac vice application forthcoming*

**ATTORNEYS FOR DEFENDANT**
**AIG SPECIALTY INSURANCE CO.**
**(F/K/A AMERICAN INTERNATIONAL**
**SPECIALTY LINES INSURANCE CO.)**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 23rd day of August, 2022, a true and correct copy of the foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as follows:

Ernest Martin, Jr.
Adrian Azer
Greg Van Houton
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
emest.martin@haynesboone.com
adrian.azer@haynesboone.com
greg.vanhouten@haynesboone.com
***Attorneys for Plaintiff***

*/s/ Darin L. Brooks*
Darin L. Brooks