UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION (f/k/a Mobil Corporation), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-1873-B |
| AIG SPECIALTY INSURANCE COMPANY, | § § § | Hon. Jane J. Boyle |
| Defendant. | § § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND
TO STATE COURT AND SUPPORTING BRIEF**

**GRAY REED**
Darin L. Brooks
Brian E. Waters
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
dbrooks@grayreed.com
bwaters@grayreed.com

London England
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
lengland@grayreed.com

-and-

**STROOCK & STROOCK & LAVAN LLP**
Robert Lewin*
Christopher Ash*
180 Maiden Lane
New York, New York 10038
(212) 806-5400
rlewin@stroock.com
cash@stroock.com
*Pro hac vice application forthcoming

**ATTORNEYS FOR DEFENDANT AIG
SPECIALTY INSURANCE CO.
(F/K/A AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE CO.)**

NY 79216936v6
4855-3214-7255.1

- i -

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT .........................................................................................................................7

    I.    MOBIL CORPORATION – THE NAMED PLAINTIFF – IS THE PROPER PARTY AND IS DIVERSE WITH AISLIC .......................................... 7

        A.    EMOC's Designation of "f/k/a" Mobil Corporation Means that Mobil Corporation is the Named Plaintiff .....................................................7

        B.    B.  Mobil Corporation is the Real Party in Interest ...................................10

CONCLUSION.....................................................................................................................14

4855-3214-7255.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barrett v. Atlantic Richfield Co.*,
    444 F.2d 38 (5th Cir. 1971) ...................................................................................................11

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
    44 F.3d 256 (5th Cir. 1995) ................................................................................................8, 9

*DISH Network L.L.C. v. Alexander*,
    No. 13-20-00240-CV, 2021 WL 3085763 (Tex. App. July 22, 2021), *reh'g
    denied* (Aug. 30, 2021), *review denied* (Jan. 7, 2022) ............................................................9

*Envo, Inc. v. Walters*,
    No. CIVA 4156-VCP, 2009 WL 5173807 (Del. Ch. Dec. 30, 2009), aff'd, No.
    460, 2012, 2013 WL 1283533 (Del. Mar. 28, 2013) ...............................................................9

*Landmark Dividend LLC v. Smart City Media, LLC*,
    No. 3:21-CV-1289-B, 2022 WL 2718223 (N.D. Tex. Mar. 23, 2022) (J.
    Boyle).......................................................................................................................................10

*Odom v. Coleman*,
    615 S.W.3d 613 (Tex. Ct. App. 2020) .....................................................................................8

*Oliva v. Chrysler Corp.*,
    978 F. Supp. 685 (S.D. Tex. 1997) ........................................................................................12

*SL FUS of Houston, LLC v. InSightec-TXSonicsm Inc.*,
    No. CIV.A.H-10-2066, 2010 WL 3984669 (S.D. Tex. Oct. 8, 2010) ......................................8

*United States v. 936.71 Acres of Land*,
    418 F.2d 551 (5th Cir. 1969) .................................................................................................12

*Villare v. Katz*,
    No. 08C-10-061 PLA, 2010 WL 2125462 (Del. Super. Ct. May 10, 2010).............................9

*Wieberg v. GTE Sw. Inc.*,
    272 F.3d 302 (5th Cir. 2001) .................................................................................................12

**Statutes**

28 U.S.C. §1332................................................................................................................7, 13

28 U.S.C. §1441.....................................................................................................................13

**Other Authorities**

Black's Law Dictionary (7th ed. 1999) ........................................................................................8

F.R.C.P. 17..................................................................................................................................10

F.R.C.P. 21..................................................................................................................................12

NOW COMES Defendant AIG Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Co.) ("AISLIC") to oppose remand to the District Court for the 44th Judicial District in Dallas, Texas (the "Texas State Court") and in support thereof, states as follows:

## PRELIMINARY STATEMENT

This action was filed in the Texas State Court by "ExxonMobil Oil Corporation f/k/a Mobil Corporation" ("Plaintiff").  Under the law, the "f/k/a" designation means that the litigation was brought by Mobil Corporation ("Mobil") – which is, to this day, an active Delaware corporation that is diverse with defendant AISLIC, a New York and Illinois corporation.  While Plaintiff tries to obscure the nature of the dispute between the parties, the actual dispute involves the presentation of benzene claims under two AISLIC insurance policies that were issued to Mobil, not ExxonMobil Oil Corporation ("EMOC").[1]  Under the Mobil Policies, Mobil is required to satisfy certain retentions.  *See* Ex. J at Schedule of Underlying Insurance (App. 002) and Ex. K at Excess Liability Insurance Declarations (App. 059).  Under the Mobil Policies, Mobil, the Named Insured, is required to represent the interests of all Insureds in all matters under the Policies (including EMOC).  Exs. J and K at Art. V, Condition (h) (App. 027, 077).  And under the Mobil Policies, all disputes are subject to broad and binding Arbitration Provisions. Ex. J at Endorsement 12 (App. 049) and Ex. K at Endorsement 11 (App. 099).  For these reasons, not only is remand inappropriate – because there is diversity between the real

---

[1] The subject policies, collectively referred to as the "Mobil Policies" are Policy 773-95-16 (the "First Layer Mobil Policy"), Ex. J. (App. 001-056), and Policy No. 01-0115-98 (the "Second Layer Mobil Policy"), Ex. K (App. 057-104).  Exhibits J and K have been authenticated by way of the Declaration of Joyce Petty, attached to this Opposition as Exhibit Q.

parties in interest – Mobil and AISLIC – but this action should have never been brought in the first place as all claims are subject to arbitration.[2]

While Plaintiff repeats its mantra that the Court should give deference to the complaint that it filed, Plaintiff substantively ignores the fact that it is the party who correctly identified itself as "Mobil Corporation" via the "f/k/a" designation in the very complaint to which it seeks deference. While Plaintiff now claims that the "f/k/a" designation was "inadvertent" and alleges, without any evidentiary support, some form of a scrivener's error, it has not substantively addressed the fact that the operative pleading identifies Mobil – and this is the pleading which governs the removal analysis and creates diversity jurisdiction. Indeed, during the September 6, 2022 pre-motion conferral, when asked to explain the basis for the Motion to Remand and why it used the "f/k/a Mobil Corporation" designation in the caption, Plaintiff defended the Mobil designation and did not state or imply that it was an "inadvertent" "scrivener's error."[3] In fact, Plaintiff's counsel indicated that the inclusion of Mobil Corporation was intentional, and stated his (incorrect) belief that Mobil Corporation was a New York corporation. The designation of Mobil was not inadvertent, and has been used by Mobil since it demanded payment for the benzene claims in 2020.

In an attempt to avoid both arbitration of the retention issue and the jurisdiction of this Court, Plaintiff mischaracterizes its claim as arising out of the 2015 Settlement Agreement and Release, an agreement settling claims resulting from exposure to methyl t-butyl ether, or MTBE (the "MTBE Settlement Agreement"). Plaintiff has not identified any breach of the MTBE

---

[2] AISLIC has initiated an arbitration in the contractual venue – New York – and has filed a petition to compel arbitration in New York which seeks to compel Mobil to arbitrate all disputed issues, including the retention issue that is the focus of this litigation.

[3] Brian E. Waters, Esq., an attorney employed by AISLIC's counsel Gray Reed, and signatory to this brief, personally participated in this conferral.

Settlement Agreement – the settlement funds were paid. Rather, it appears that Plaintiff seeks some form of advisory opinion as to how the MTBE Settlement Agreement might impact hypothetical claims. This is improper. The benzene claims were expressly carved out of the MTBE Settlement Agreement and were not released by either party. There is a current and active dispute over alleged coverage for the benzene claims, and this dispute involves many issues, only one of which is whether Mobil is required to satisfy the contractual retentions in the Mobil Policies. Thus, the retention issue clearly implicates the Policies, and to the extent that Mobil wishes to assert that the MTBE Settlement Agreement is relevant, the only proper place to do so is in arbitration. Moreover, because Plaintiff is, in truth, seeking to modify the Mobil Policies to eliminate the contractual retentions which apply to the benzene claims, the Mobil Policies are clear that Mobil – not EMOC – must represent the interests of all insureds under the Mobil Policies, which explains why (other than its current effort to avoid federal jurisdiction) Plaintiff has consistently pursued the claim in the name of Mobil since 2020.

In sum, while Plaintiff's lawsuit was ill-conceived from the inception, AISLIC agrees with one point – Mobil was the proper party to name. Because Plaintiff identified itself as Mobil, it is bound by this designation and the litigation should remain with the Court because AISLIC and Mobil are diverse.

## STATEMENT OF FACTS

On May 26, 2020, "ExxonMobil Oil Corporation ("Mobil") formerly Mobil Corporation" made a demand for payment under the First Layer Mobil Policy in connection with alleged coverage for costs and expenses arising out of benzene claims that had been asserted against Mobil. Ex. L (App. 106-107).[4] Mobil also reserved the right to demand payment under the

---

[4] Exhibits L through P have been authenticated by way of the Declaration of MariKay Fish, attached to this Opposition as Exhibit R.

Second Layer Mobil Policy. *Id.* This demand for payment implicated numerous coverage issues under the Mobil Policies, one of which is the issue of whether or not Mobil is required to satisfy the contractual retentions in the Mobil Policies. Following the demand for payment, the parties conferred and exchanged information prior to the filing of the Texas State Court litigation.[5]

Consistent with its initial demand for payment which precipitated the instant litigation, Plaintiff filed suit in the name of Mobil Corporation by calling itself "ExxonMobil Oil Corporation f/k/a Mobil Corporation." *See* Ex. D to Notice of Removal, Caption and Introductory Paragraph. Any doubt is put to rest in Paragraph 11 of the Complaint, where Plaintiff alleged that "AISLIC issued Mobil Corporation (n/k/a ExxonMobil Oil Corporation) Excess Liability Policy Number 773 95 16." Thus, the Complaint makes it clear – in three separate places – that the claims under the Mobil First Layer Policy are those of Mobil Corporation. Since Mobil Corporation is an existing Delaware corporation in good standing, it is the true and proper party in this case. Thus, ExxonMobil Oil Corporation is not, and cannot be, the successor to the existing entity – Mobil Corporation. Plaintiff does not dispute that "Mobil Corporation" is still an active Delaware/Texas corporation. Rather, because Mobil Corporation's presence creates diversity, Plaintiff back-tracks and alleges that its multiple assertions concerning "Mobil Corporation" are "inadvertent."

---

[5] Notably, Plaintiff and its counsel repeatedly admitted the claims were arbitrable and stated that, absent a commercial resolution, the dispute over the benzene claims would be subject to arbitration under the Mobil Policies. *See* Ex. M at 6 (February 18, 2022 Letter) (App. 114) and Ex. N at 2 (February 8, 2021 letter from Martin) (App. 117). (These exhibits, while they do not invoke Rule 408, have been substantively redacted to remove the statements made concerning the merits of the parties' dispute because Mobil has indicated that it viewed these communications as settlement discussions.) Because the benzene claims indisputably involve issues concerning the Mobil Policies, they fall squarely within the scope of the Arbitration Provisions in the Mobil Policies. Ex. J at Endorsement 12 (App. 049); Ex. K at Endorsement 11 (App. 099).

The Mobil Policies clearly state that the Named Insured – Mobil Corporation – shall represent the Named Insured and any and all Insureds hereunder "in all matters under this Policy." Exs. J and K at Art. V, Condition (h) (App. 027, 077). Thus, as a matter of contract, Mobil Corporation is the proper plaintiff in this litigation, and Plaintiff expressly recognized this fact when it used the "f/k/a Mobil Corporation" designation in the complaint (and in the initial demand for payment years prior). Significantly, Mobil **Oil** Corporation, the entity that actually changed its name to EMOC, was not the Named Insured and has no right to modify the Mobil Policies or pursue the claim for coverage. Thus, the only "inadvertent" error was the description of Plaintiff as EMOC – as the complaint substantively – and correctly – identifies Mobil Corporation as the real party in interest.

With regard to Mobil's obligation to satisfy the retentions under the Mobil Policies in connection with the benzene claims, Mobil takes the position that the MTBE Settlement Agreement – which related to MTBE claims and not benzene claims – somehow modified the Mobil Policies such that Mobil does not have any retention whatsoever for the benzene claims. Plaintiff cherry picks language out of context and its contention that there are no retentions applicable to the benzene claims is wrong for a number of reasons, which will be addressed at the appropriate time. However, it bears noting that 1) the MTBE Settlement Agreement related to the presentation of a $100 million MTBE claim under a **different policy** that AISLIC issued to ExxonMobil Corporation – **not Mobil** (Ex. O at 2) (App. 126) 2) the MTBE claims under the Mobil Policies were released by Mobil fourteen years prior to the MTBE Settlement Agreement and Mobil warranted that it would not make any future claims arising out of MTBE under the Mobil Policies – which warranty it is now breaching (*Id.* at § 4.1; 3) (App. 129-133) because the claims had previously been released, Mobil never presented the MTBE claims to the Mobil

- 5 -

Policies (*Id.* at 3 Page 3); 4) the benzene claims were expressly carved out of the MTBE Settlement agreement (*Id.* at § 3.4) (App. 131); and 5) the very paragraph that Plaintiff relies on refers to a release in connection with the MTBE claims, in addition to any retentions under the applicable policies, but does **not** reference any release in connection with benzene claims. *Id.* at § 3.6 (App. 131-132).

Significantly, the MTBE Settlement Agreement also clearly states that the settlement funds were paid in connection with the ExxonMobil Insurance Claim, which is the claim under the policy issued to ExxonMobil Corporation – not the Mobil Policies – so there was no retention or deductible obligation to be released in connection with the Mobil Policies that were not making the settlement payment. *Id.* at § 2.1 and Fourth Whereas Clause (App. 126, 129). While AISLIC is confident that the MTBE Settlement Agreement, read in context, does not support Plaintiff's allegation that the retentions for the benzene claims were released, Plaintiff's own conduct supports this fact as it did not make a demand for payment for five years following the execution of the MTBE Settlement Agreement until 2020. Ex. L (App. 106-107). Indeed, under its newly conceived theory, Mobil could have made a claim in 2015 and inexplicably waited five years to demand payment. For example, ten months after the MTBE Settlement, Mobil provided an update on the benzene claims, which totaled over $33 million as of that time, and expressly stated "we are not making a demand for payment at this time." Ex. P. (6/23/16 email and attachment from Julie Stephens to Melissa Dipasquale) (App. 148). Under its current theory, Mobil could have asserted a claim for tens of millions of dollars when it provided the 2016 update – the fact that it did not demand payment until 2020 provides conclusive evidence that Mobil's current position is an afterthought that is contrary to the intent of the parties in 2015.

Thus, the language in the MTBE Settlement Agreement, coupled with Plaintiff's own conduct, will ultimately defeat Plaintiff's claim.

## ARGUMENT

Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction because AISLIC and Mobil are citizens of different states. Plaintiff does not dispute that AISLIC is a citizen of Illinois and New York and that Mobil is a citizen of Delaware and Texas. Similarly, Plaintiff does not deny that EMOC attempted to act here for the real party in interest which it pled as being Mobil Corporation. While the Plaintiff tries to walk back the fact that Mobil Corporation is the party it named and now tries to substitute Mobil **Oil** Corporation -there is no dispute that ExxonMobil Oil Corporation only is referred to because of the f/k/a designation. So, the issue is whether the real party in interest is Mobil Corporation or Mobil Oil Corporation. The undisputed facts establish that the Named Insured under the Policy was Mobil Corporation – not Mobil Oil Corporation – and the MTBE Settlement Agreement at most provides a defense to the requirement that it pay the self-insured retentions due to Mobil Corporation under the Policy relating to the benzene claims. Nor does Plaintiff dispute that Mobil still exists. And Plaintiff also does not dispute that an action must be brought by the real party in interest which, again, is Mobil. Instead, Plaintiff tries to avoid the jurisdiction of this Court by claiming that it made an "inadvertent" mistake in drafting the complaint and that EMOC is the real party in interest. Both arguments are wrong

### I. MOBIL CORPORATION – THE NAMED PLAINTIFF – IS THE PROPER PARTY AND IS DIVERSE WITH AISLIC

#### A. EMOC's Designation of "f/k/a" Mobil Corporation Means that Mobil Corporation is the Named Plaintiff

Plaintiff has substantively ignored the critical fact that its own pleading states that the litigation was brought in the name of Mobil. It is undisputed that the Texas State Court

complaint controls this issue. *See* Plaintiff's Brief at 7, citing *SL FUS of Houston, LLC v. InSightec-TXSonicsm Inc.,* No. CIV.A.H-10-2066, 2010 WL 3984669, at *1 n.3 (S.D. Tex. Oct. 8, 2010) for the proposition that "a federal court determines the propriety of removal on the basis of the claims in the plaintiff's state court petition as they existed at the time of removal." *See also Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995) (Affirming the lower court's refusal to consider a proposed amended complaint "because a complaint amended post-removal cannot divest a federal court of jurisdiction.") Plaintiff ignores this key fact – that the Texas State Court complaint controls – and asks this Court to essentially ignore the inclusion of Mobil as some form of conclusory allegation of scrivener's error. Plaintiff's Brief at 12-13.[6] The scrivener's error defense is clearly an afterthought because it was not asserted until after the parties' pre-motion conferral. Indeed, during the conferral, Plaintiff's counsel defended its inclusion of Mobil Corporation, and incorrectly claimed that it was a New York corporation.[7] It was not until Plaintiff realized that the Named Insured, Mobil Corporation, is a diverse Delaware corporation that the "scrivener's error" defense was conceived. Contrary to its current position, Plaintiff's inclusion of Mobil is no scrivener's error, as evidenced by the fact that the inclusion of Mobil dates back to the demand for payment in 2020, the reference to Mobil appears three times in the Texas State Court complaint, and Mobil is the Named Insured under the Mobil Policies which require Mobil – not EMOC – to pursue the claim. Ex. L (App. 106-107); Ex. D to Notice of Removal at 1 and 3; Ex. J at 3 (App. 027); Ex. K at 2 (App. 077).

---

[6] Black's Law Dictionary defines "scrivener's error" as a synonym for "clerical error." A "clerical error" is one "resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination." *Odom v. Coleman*, 615 S.W.3d 613, 628 (Tex. App. Houston [1st Dist.] 2020, no pet.) (citing Black's Law Dictionary 563 (7th ed. 1999)). Plaintiff has presented no evidence of an actual scrivener's error, and the facts indicate that the inclusion of Mobil Corporation was intentional and not an inadvertent mistake.

[7] As stated above, Brian E. Waters, Esq., signatory to this brief, personally participated in the conferral.

Plaintiff does not dispute that, by using the phrase "f/k/a" in the caption to this action, ExxonMobil Oil Corporation was contending that it was the successor to Mobil Corporation by way of name change. *See, e.g.*, *Villare v. Katz*, No. 08C-10-061 PLA, 2010 WL 2125462, at *5 (Del. Super. Ct. May 10, 2010) (use of moniker "f/k/a" or "formerly known as" for Delaware corporation is indicative of a name change); *Envo, Inc. v. Walters*, No. CIVA 4156-VCP, 2009 WL 5173807, at *1 (Del. Ch. Dec. 30, 2009), aff'd, No. 460, 2012, 2013 WL 1283533 (Del. Mar. 28, 2013) (same).

There can be no question that, when Plaintiff denominated itself "f/k/a Mobil Corporation" the intent was to assert whatever claims Mobil possesses as the original contracting party under the Mobil Policies. As set forth in the case of *DISH Network L.L.C. v. Alexander*, No. 13-20-00240-CV, 2021 WL 3085763, at *5 (Tex. App.—Corpus Christi-Edinburg, pet. denied):

> A contracting party that merely changed its name is still a contracting party. *In re H & R Block Fin. Advisors, Inc.*, 235 S.W.3d 177, 178 (Tex. 2007) (orig. proceeding) (per curiam). Accordingly, a company's change of name does not prevent it from invoking its own arbitration agreements. *Id.*; *In re ReadyOne Indus., Inc.*, 294 S.W.3d 764, 771–72 (Tex. App.—El Paso 2009, orig. proceeding). When this issue was similarly raised after a Texas corporation changed its name and amended its certificate of formation, our sister court held that such changes "do not create a new entity," and therefore contractual obligations are unchanged. *In re ReadyOne Indus. Inc.*, 294 S.W.3d at 771.

While Plaintiff now asserts that its repeated references to "Mobil Corporation" are scrivener's errors, this does not impact the fact that "Mobil Corporation" – as plead – is the real party in interest. Plaintiff has taken no steps to correct this supposed error, and the Complaint from the Texas State Court action – which names Mobil and provides the basis for diversity jurisdiction – is what controls the removal analysis. *See Cavallini*, 44 F.3d at 264.

B.       B. Mobil Corporation is the Real Party in Interest

Plaintiff does not dispute the bedrock principle that, pursuant to F.R.C.P. 17, the litigation must be pursued by the real party in interest, and that this analysis determines whether diversity jurisdiction exists. Plaintiff's Brief at 8-9.[8] Instead, disregarding its own pleading, Plaintiff now seeks to argue that Mobil is not the real party in interest because EMOC is a signatory to the MTBE Settlement Agreement. Incredibly, Plaintiff goes so far as to argue that it is "irrelevant" that the party it named – Mobil Corporation– is the Named Insured under the Mobil Policies. This argument cannot be squared with the claim that the Plaintiff asserts and the relief it seeks in its Complaint.

While Plaintiff tries to distance itself from the real dispute over the benzene claims (which is arbitrable), the Complaint makes it crystal clear that this litigation is not about the MTBE Settlement Agreement – it is about coverage under the First Layer Mobil Policy. First, the Complaint identifies the First Layer Mobil Policy and states that it was issued to Mobil. Ex. D to Notice of Removal at ¶11. Next, the Complaint states that the Mobil First Layer Policy "contains a self-insured retention." *Id.* at ¶12. The Complaint goes on to state that, on May 26, 2020, Plaintiff "demanded that AISLIC provide coverage under the First-Layer Mobil Policy" for benzene claims, and notes that AISLIC responded by referring to the unsatisfied retentions in the policy. *Id.* at ¶¶18-19. The Complaint seeks a ruling as to how the retention in the Mobil

---

[8] Plaintiff argues that this Court has previously recognized that "Rule 17(a) is intended to be a mechanism to aid plaintiffs in prosecuting their actions, not allow a defendant to strip a state court of jurisdiction and substitute the plaintiff that the defendant deems appropriate." Plaintiff's Brief at 8, citing, *Landmark Dividend LLC v. Smart City Media, LLC*, No. 3:21-CV-1289-B, 2022 WL 2718223 (N.D. Tex. Mar. 23, 2022) (J. Boyle). Plaintiff misstates the Court's holding, as the *Landmark* decision has nothing to do with the issue of state court jurisdiction and, instead, related to a Motion to Substitute that had been filed by the plaintiff in that action. No such motion is pending here.

First Layer Policy applies and seeks a declaration that the self-insured retention obligations were released through the MTBE Settlement Agreement. *Id.*, Prayer for Relief at ¶1.

This chronology, framed by Plaintiff, does not allege a breach of the MTBE Settlement Agreement. Instead, it details Plaintiff's assertion of benzene claims – which were carved **out** of the MTBE Settlement Agreement. *See* Ex. O at § 3.4 (App. 131). Whether or not the retentions apply to the benzene claims is clearly a matter that concerns the coverage under the First Layer Mobil Policy. Stated another way, absent the dispute over the benzene claims, the retentions are irrelevant, and if Plaintiff's current attempt to divorce the retentions from the Mobil First Layer Policy were embraced, the Complaint would simply seek an impermissible advisory opinion that is not tethered to any real controversy. *Barrett v. Atlantic Richfield Co.,* 444 F.2d 38, 46 (5th Cir. 1971) ("Under the Texas constitution it is well settled that Texas courts may not render 'advisory opinions.'").

Because Plaintiff seeks to modify Mobil's retention obligations under the First Layer Mobil Policy, the real party in interest – as contractually defined – is Mobil, as it is the Named Insured and it is required to represent the interests of all Insureds, including EMOC. Ex. J, Art. V, Condition (h) (App. 027). Indeed, while Plaintiff claims that the MTBE Settlement Agreement changed the retentions under the Mobil First Layer Policy, the Policy makes clear that it can only be changed via a signed endorsement to the Policy. Ex. J, Art. V, Condition (k) (App. 028). And, before it was concerned with diversity jurisdiction, Plaintiff's actions were consistent with the fact that it agreed that Mobil is the real party in interest.

Significantly, even though EMOC qualified as an Insured (importantly **not** the Named Insured) under the Mobil Policies prior to the merger with Exxon, this does not make it the real party in interest. It is "elementary" that:

> The real party in interest is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.

*United States v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir. 1969) (internal quotation marks and citations omitted). *See also Wieberg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001). Moreover, when a "nondiverse plaintiff is not a real party in interest" it may be dropped from the case under F.R.C.P. 21. *Oliva v. Chrysler Corp.,* 978 F. Supp. 685, 689 (S.D. Tex. 1997) (Relying on the rule that, "[i]n cases in which plaintiff attempts to defeat jurisdiction by the joinder of a nondiverse plaintiff, the courts will allow the transaction only if that person is deemed a real party in interest under Rule 17(a).").[9] Here, the right to enforce the Mobil First Layer Policy is possessed by Mobil. It is the real party in interest – not EMOC.

Plaintiff's motion singularly focuses on the MTBE Settlement Agreement, claiming that EMOC is the real party in interest under that agreement. This position ignores the actual dispute – which is a claim for coverage under the Mobil First Layer Policy for benzene claims. While EMOC signed the MTBE Settlement Agreement, that does not give it the right to modify the Mobil First Layer Policy or to assert the benzene claims under the Policy because the substantive right to enforce the insurance contract rests with Mobil alone. Notably, if there was any "scrivener's error" with regard to the identity of the parties, it was in the MTBE Settlement Agreement, which incorrectly stated that the Policy was issued to "Mobil" which was defined as "ExxonMobil Oil Corporation (formerly known as Mobil Oil Corporation)." This incorrect statement as respects the issuance of the Mobil Policies is squarely addressed in the Declarations

---

[9] Notably, the *Oliva* court drew a distinction between the real party in interest analysis and the fraudulent joinder analysis, which provide separate and distinct grounds to establish diversity jurisdiction. *Oliva,* 978 F. Supp. at 689. Thus, the citizenship of a party-plaintiff may also be disregarded for purposes of determining whether diversity jurisdiction exists if the moving party can show that the non-diverse plaintiff was fraudulently joined. *Id.*

Pages of the Mobil Policies, which identify the Named Insured as Mobil Corporation – not Mobil Oil Corporation.  Ex. J at 3 (App. 002); Ex. K at 2 (App. 059).

Moreover, as discussed above, the Complaint does not identify a dispute concerning any "claims that arise under or relate to [the] Settlement Agreement."  *See* Ex. O at § 6.1 (App. 134).  The Complaint does not allege a breach of the MTBE Settlement Agreement – the settlement funds were paid and Plaintiff is not making a claim under the MTBE Settlement Agreement.  To the contrary, the "claim" is under the Mobil Policies and the retention issue is only relevant in the context of the claim under the policies.  This fact was effectively admitted during the discourse following the 2020 Demand for Payment where both Plaintiff and its counsel indicated that any failure to reach a commercial resolution would lead to arbitration – the dispute resolution procedure set forth in the Mobil Policies.  Ex. M at 6 (App. 114) and Ex. N at 2 (App. 117).  In fact, Plaintiff argued that the retention issue would be governed by New York law (which governs the Mobil Policies) as opposed to Texas law (which applies to the MTBE Settlement Agreement) – which is yet another admission that this matter involves a dispute under the policies.  *Id.*

In conclusion, contrary to Plaintiff's contentions, AISLIC is not trying to "reframe" the Complaint filed in the Texas State Court.  The Complaint clearly identifies Mobil as the real party in interest and the only "claim" that is at issue is the claim under the Mobil Policies.  Because Mobil and AISLIC are diverse with respect to one another, removal was proper under 28 U.S.C. §1441 and this court has jurisdiction under 28 U.S.C. §1332.

## CONCLUSION

For the reasons set forth herein, AISLIC respectfully submits that the Court should deny Plaintiff's motion to remand the case to the Texas State Court and retain jurisdiction because the real parties in interest are diverse.

Dated:  October 7, 2022

                                       Respectfully submitted,

                                       **GRAY REED**

By: */s/ Brian E. Waters*
     Darin L. Brooks
     Texas Bar No. 00796252
     Brian E. Waters
     Texas Bar No. 24078035
     1300 Post Oak Blvd., Suite 2000
     Houston, Texas 77056
     Telephone: (713) 986-7000
     Facsimile:  (713) 986-7100
     Email: dbrooks@grayreed.com
           bwaters@grayreed.com

     London England
     Texas Bar No. 24110313
     1601 Elm Street, Suite 4600
     Dallas, Texas 75201
     Telephone: (214) 954-4135
     Facsimile: (214) 953-1332
     Email: lengland@grayreed.com

                        -and-

**STROOCK & STROOCK & LAVAN LLP**

By: */s/ Robert Lewin*
     Robert Lewin*
     Christopher Ash*
     180 Maiden Lane
     New York, New York 10038
     (212) 806-5400
     rlewin@stroock.com
     cash@stroock.com
     *Pro hac vice application forthcoming

**ATTORNEYS FOR DEFENDANT AIG SPECIALTY INSURANCE CO. (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO.)**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 7th day of October, 2022, a true and correct copy of the foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as follows:

Ernest Martin, Jr.
Adrian Azer
Greg Van Houton
Mike Stoner
Benjamin Schindler
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
ernest.martin@haynesboone.com
adrian.azer@haynesboone.com
greg.vanhouten@haynesboone.com
michael.stoner@haynesboone.com
s.benjamin.schindler@haynesboone.com

*Attorneys for Plaintiff*

                                                */s/ Brian E. Waters*
                                                Brian E. Waters