IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION (F/K/A MOBIL CORPORATION), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-1873-B |
| AIG SPECIALTY INSURANCE COMPANY (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO.), | § § § § § § | Hon. Jane J. Boyle |
| Defendant. | § § | |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO REMAND TO STATE COURT</u>**

**GRAY REED**
Darin L. Brooks
Brian E. Waters
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
dbrooks@grayreed.com
bwaters@grayreed.com

London England
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
lengland@grayreed.com

-and-

**STROOCK & STROOCK & LAVAN LLP**
Robert Lewin (admitted pro hac vice)
Christopher Ash*
180 Maiden Lane
New York, New York 10038
(212) 806-5400
rlewin@stroock.com
cash@stroock.com
*Pro hac vice application forthcoming

**ATTORNEYS FOR DEFENDANT AIG
SPECIALTY INSURANCE CO.
(F/K/A AMERICAN INTERNATIONAL**

**SPECIALTY LINES INSURANCE CO.)**

Defendant AISLIC[1] submits this Sur-Reply in Opposition to Plaintiff's Motion to Remand to State Court and respectfully shows the Court as follows:

## ARGUMENT

As AISLIC explained in its Response to Plaintiff's Motion to Remand, AISLIC filed a Petition to Compel Arbitration in the Supreme Court of the State of New York on August 23, 2022, which sought to compel arbitration of all coverage issues related to the underlying benzene claims under the subject insurance policies, including the retention dispute that Plaintiff raises in this declaratory judgment action.[2]

On October 14, 2022 the New York court issued an order compelling arbitration ("New York Order"), which EMOC attached and relied on in its October 21, 2022 Reply in Support of its Motion to Remand.[3] The arbitration demand addressed in the New York Order commenced arbitration concerning all issues arising out of insurance coverage for benzene claims under the AISLIC policies, and expressly included the retention issue that EMOC raised in the instant matter. The arbitration demand encompassed the claims of Mobil as well as the claims of any other insureds under the AISLIC policies who allege that they are entitled to coverage for the benzene claims. In response to the arbitration demand, both Mobil and EMOC consented to arbitration, subject to their objection concerning the inclusion of the retention issue.[4] Because the New York Order compelled Mobil to arbitrate in accordance with the arbitration demand, and because EMOC has voluntarily consented to participate in the arbitration, the retention issue is now squarely subject to the New York arbitration ordered to proceed by the New York Order.

---

[1] Unless stated otherwise, defined terms in this sur-reply have the same definitions provided in AISLIC's Response to Plaintiff's Motion to Remand.

[2] *See* Dkt. No. 10, p.2, n.2.

[3] *See* Dkt. No. 15-2, Ex. 2-A to Plaintiff's Reply in Support of its Motion to Remand.

[4] *See* Dkt. No. 15-2, Ex. 2-A to Plaintiff's Reply in Support of its Motion to Remand at p. 4.

Accordingly, upon resolution of Plaintiff's Motion to Remand, ASLIC intends to seek relief from this Court to stay or dismiss this lawsuit in favor of the New York arbitration.

EMOC attached the New York Order as evidence in support of its reply and incorrectly argued that the rulings set forth in the New York Order support Plaintiff's position on remand here.[5]  Specifically, Plaintiff misstates the New York court's holding, claiming that "AISLIC's argument that Mobil is the actual plaintiff in this case has recently been rejected in a separate action filed by AISLIC against Mobil in New York."[6]  To the contrary, in connection with the relationship between EMOC and Mobil, the New York court stated:

> The Court has no idea whether respondent [Mobil] and ExxonMobil are playing fast and loose with corporate identities. But this is not the proper forum or application for this Court to explore the relationship between these entities or respondent's corporate status. There is no doubt that the Texas court can adequately consider those issues should petitioner insist that the respondent here is a necessary party in the Texas lawsuit and seek relief from the now-alleged "scrivener's error."[7]

The New York court clearly did not "reject" AISLIC's position that the "f/k/a" designation means that Mobil is the sole (and correct) party to the instant lawsuit.  Instead, the New York court simply deferred to this Court without expressing a view as to whether Mobil and EMOC are "playing fast and loose" with their corporate identities in order to avoid diversity jurisdiction.   That is precisely what EMOC and Mobil are doing.

As AISLIC set forth in its Response to Plaintiff's Motion to Remand, Plaintiff's Original Petition expressly asserts the rights of Mobil via the "f/k/a" designation because the AISLIC Policies require Mobil to bring all suits as the Named Insured.  Accordingly, Mobil is the real

---

[5] *See* Dkt. No. 15-2; Dkt. No. 14, pp. 6-7.

[6] *See* Dkt. No. 14, pp. 6-7.

[7] *See* Dkt. No. 15-2, App. 40.

party in interest, and this Court has diversity jurisdiction because Mobil's corporate citizenship is fully diverse from that of AISLIC.

## CONCLUSION

For the reasons set forth above, and in its Response to Plaintiff's Motion to Remand, AISLIC respectfully requests the Court deny Plaintiff's Motion to Remand to State Court and retain jurisdiction because the real parties in interest are diverse.

Dated: October 27, 2022

                                Respectfully submitted,
                                **GRAY REED**

By:  */s/ Brian E. Waters*
       Darin L. Brooks
       Texas Bar No. 00796252
       Brian E. Waters
       Texas Bar No. 24078035
       1300 Post Oak Blvd., Suite 2000
       Houston, Texas 77056
       Telephone: (713) 986-7000
       Facsimile: (713) 986-7100
       Email: dbrooks@grayreed.com
               bwaters@grayreed.com

       London England
       Texas Bar No. 24110313
       1601 Elm Street, Suite 4600
       Dallas, Texas 75201
       Telephone: (214) 954-4135
       Facsimile: (214) 953-1332
       Email: lengland@grayreed.com

                  -and-

**STROOCK & STROOCK & LAVAN LLP**

By:  */s/ Robert Lewin*
       Robert Lewin (admitted pro hac vice)
       Christopher Ash*
       180 Maiden Lane
       New York, New York 10038
       (212) 806-5400
       rlewin@stroock.com
       cash@stroock.com
       *Pro hac vice application forthcoming

                                  **ATTORNEYS FOR DEFENDANT AIG SPECIALTY INSURANCE CO. (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO.)**

## **CERTIFICATE OF SERVICE**

      On October 27, 2022, a true and correct copy of the foregoing document was forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Ernest Martin, Jr.
Adrian Azer
Greg Van Houton
Mike Stoner
Benjamin Schindler
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
ernest.martin@haynesboone.com
adrian.azer@haynesboone.com
greg.vanhouten@haynesboone.com
michael.stoner@haynesboone.com
s.benjamin.schindler@haynesboone.com

***Attorneys for Plaintiff***

                                                */s/ Brian E. Waters*
                                                Brian E. Waters