UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION<br>f/k/a MOBIL CORPORATION, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 3:22-CV-1873-B |
| AIG SPECIALTY INSURANCE<br>COMPANY f/k/a AMERICAN<br>INTERNATIONAL SPECIALTY<br>LINES INSURANCE COMPANY, | § <br> § <br> § <br> § <br> § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff ExxonMobil Oil Corporation ("ExxonMobil")'s Motion to Remand (Doc. 6). As explained below, the Motion is **GRANTED**, and the case is **REMANDED** to state court.

## I.

## BACKGROUND

This case is a contract dispute. The parties disagree on what contract is in dispute (and even who the parties are), but they agree this is a contract dispute. The dispute stems from an insurance policy that Defendant AIG Specialty Insurance Company ("AIG") issued. In addition to providing insurance coverage, the policy also imposed certain duties on ExxonMobil. This policy was later modified by a settlement agreement. The key question is to what extent the settlement agreement modified ExxonMobil's duties under the insurance policy.

A.      *The Contractual Dispute*

In 1995, Defendant AIG issued Mobil Corporation an insurance policy (the "Policy"), which included coverage for product liability claims alleging bodily injury. Doc. 1-5, Pet., ¶¶ 11, 13. The Policy contains a self-insured retention, which, similar to a deductible, requires the insured to pay a set amount before policy begins covering the claim. *Id.* ¶ 12. In 2015, the Policy was modified by a settlement agreement (the "Settlement Agreement") between ExxonMobil, AIG, and other parties. *Id.* ¶ 14. The Settlement Agreement released ExxonMobil and others from the obligation to pay certain retentions in the Policy. *Id.* ¶¶ 14–15.

In May 2020, ExxonMobil was facing claims alleging bodily injury from benzene exposure and asked AIG to cover these claims. *Id.* ¶ 18. AIG responded it did not need to consider the claims until ExxonMobil satisfied the Policy's self-insured retention. *Id.* ¶ 19. AIG asserted ExxonMobil was required to satisfy the retention because the Settlement Agreement only released ExxonMobil's retention obligations for claims involving a different chemical compound, methyl t-butyl ether. *Id.* ¶ 21. ExxonMobil contends the Settlement Agreement unambiguously released ExxonMobil from any retention obligations under the Policy. *Id.* ¶ 16.

B.      *The State Court Lawsuit*

The dispute began in state court. ExxonMobil sued AIG on July 14, 2022, in the District Court for the 44th Judicial District in Dallas, Texas. *Id.* at 1. In its Petition, ExxonMobil seeks a declaratory judgment that the Settlement Agreement released ExxonMobil from all retention obligations under the Policy. *Id.* ¶¶ 3–5, 25–28.

In its Petition, ExxonMobil erroneously refers to itself as "EXXONMOBIL OIL CORPORATION (F/K/A MOBIL CORPORATION)." *Id.* at 1. ExxonMobil has submitted

evidence showing this reference is an error—ExxonMobil was formerly known as Mobil *Oil* Corporation, not Mobil Corporation. *See* Doc. 7-1, App. Ex. 1, 30–32. It appears from the parties' briefs that, unlike Mobil Oil Corporation, Mobil Corporation is still an active corporation. *See* Doc. 6, Mot., 2; Doc. 10, Resp., 1. Mobil Corporation is a citizen of Delaware and Texas. *See* Doc. 6, Mot., 2; Doc. 10, Resp., 7. The parties dispute whether the inclusion of Mobil Corporation was intentional. ExxonMobil asserts the inclusion was a scrivener's error; it meant to say "f/k/a Mobil Oil Corporation." Doc. 6, Mot., 13. AIG claims the inclusion was deliberate and evinces an intent to assert claims belonging to Mobil Corporation. Doc. 10, Resp., 2, 9.

C.      *Removal to Federal Court*

        Shortly after being served with process in state court, AIG removed to this Court. *See* Doc. 1, Notice Removal. AIG asserts the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because AIG and the real party in interest, Mobil Corporation, are diverse. *Id.* ¶ 9. ExxonMobil moved to remand to state court, arguing AIG and ExxonMobil are the parties to the case and are not diverse. Doc. 6, Mot., 2. The Court considers the Motion below.

## II.

## LEGAL STANDARD

        "Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show

that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980) (internal citations omitted). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

"The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Because the burden falls on a defendant to establish jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.

## ANALYSIS

The parties do not dispute that, for purposes of subject matter jurisdiction, both ExxonMobil and AIG are citizens of New York. *See* Doc. 6, Mot., 2; Doc. 10, Resp., 1. Under 28 U.S.C. § 1332(a), this would seem to be the end of the matter—the parties are not diverse; the

case cannot be removed to federal court. AIG offers two reasons why removal was nonetheless proper. First, it argues removal was proper because the real parties in interest—AIG and Mobil Corporation—are diverse. Doc. 10, Resp., 9–13. And second, it argues ExxonMobil's designation of "f/k/a" means that Mobil Corporation is the named Plaintiff. *Id.* at 7–9. Neither argument is persuasive.

First, AIG argues the Court should ignore ExxonMobil's citizenship because Mobil Corporation is the "real party in interest." *See id.* at 10.[1] AIG asserts the scope of the retention release is only relevant in the context of the claim for coverage under the Policy. *See id.* at 13. AIG reasons, "There can be no question that, when Plaintiff denominated itself 'f/k/a Mobil Corporation' the intent was to assert whatever claims Mobil possesses as the original contracting party under the Mobil Policies." *Id.* at 9. Thus the "real dispute" concerns the Policy, and Mobil Corporation, as the named insured under the Policy, is the real party in interest. *Id.* at 11. Essentially, AIG argues ExxonMobil is a "nominal party" and therefore the "[C]ourt must disregard" its citizenship for purposes of jurisdiction. *See Navarro*, 446 U.S. at 461.

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* The Supreme Court has applied the "'real party to the controversy' terminology in describing or explaining who counts and who can be discounted for diversity" in various circumstances. *See Lincoln Prop*, 546 U.S. at 91. It has been applied when a party was "'improperly or collusively' named solely to create federal

---

[1] AIG bases this argument on Federal Rule of Civil Procedure 17(a). *See* Doc. 10, Resp., 10. However, Rule 17(a) does not address subject matter jurisdiction. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). "There is a rough symmetry between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not produce identical outcomes in all cases." *Navarro*, 446 U.S. at 463 n.9 (quotation omitted).

jurisdiction." *Id.* (citing 28 U.S.C. § 1359). It has also been applied in "cases in which a party was named to satisfy state pleading rules, or was joined only as designated performer of a ministerial act, or otherwise had no control of, impact on, or stake in the controversy." *See id.* at 92 (citations omitted).

In evaluating whether ExxonMobil is a nominal party, the Court begins by noting some foundational principles. It is axiomatic that "a plaintiff is master of [its] complaint." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The plaintiff may choose to bring some claims but not others, even if other claims might afford it a remedy. *See Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). And "[t]o determine whether jurisdiction is present for removal, [the Court] consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Other courts in the Fifth Circuit have rejected "requests . . . to recast the entire lawsuit" to create subject matter jurisdiction. *See Haspel, L.L.C. v. Haspel Worldwide, LLC*, 2013 WL 5519382, at *5 (M.D. La. Oct. 2, 2013). In *Haspel*, the defendant argued that although the plaintiff had sued the defendant for breach of contract, the lawsuit was really an action against one or more third parties for breach of fiduciary duties. *Id.* The court rejected this argument, stating,

> The problem with [the defendant's] characterization of [the plaintiff's] lawsuit is that it requires the court to ignore the allegations in [the plaintiff's] petition, namely that it has alleged a breach of contract claim against [the defendant] under the Licensing Agreement, not a breach of fiduciary duty claim against [one or more third parties] under the Operating Agreement.

*Id.* at *6.

Similarly, here, AIG asks the Court to recast ExxonMobil's Petition, substituting claims and parties to create subject matter jurisdiction. The Court declines to do so. Whether the underlying conduct could form the basis for a breach of contract action by Mobil Corporation does not affect "the claims in the state court petition as they existed at the time of removal." *See Manguno*, 276 F.3d at 723. Looking to the allegations in the state court petition, ExxonMobil asserts its own rights under the Settlement Agreement. Doc. 1-5, Pet., ¶¶ 3–5, 25–28. ExxonMobil and AIG are both parties to the Settlement Agreement. It cannot be said that ExxonMobil "ha[s] no control of, impact on, or stake in the controversy," *see Lincoln Prop*, 546 U.S. at 92, so ExxonMobil is not a nominal party.

Many of AIG's arguments sound more in dismissal or compelling arbitration. For example, AIG argues,

> [T]he retention issue clearly implicates the Policies, and to the extent that Mobil wishes to assert that the MTBE Settlement Agreement is relevant, the only proper place to do so is in arbitration. Moreover, because Plaintiff is, in truth, seeking to modify the Mobil Policies to eliminate the contractual retentions which apply to the benzene claims, the Mobil Policies are clear that Mobil [Corporation] – not [ExxonMobil] – must represent the interests of all insureds under the Mobil Policies.

Doc. 10, Resp., 3. These arguments are not properly raised in a response to a motion to remand. After the case is remanded, AIG may choose to raise these arguments in a motion to dismiss, a motion to compel arbitration, or some other motion. And it may well be that after the pleadings are amended or discovery is conducted, the record will "contain sufficient evidence to show that subject matter jurisdiction exists." *See Settlement Funding*, 851 F.3d at 537. But viewing "the claims in the state court petition as they existed at the time of removal," *Manguno*, 276 F.3d at 723, as the Court must, the Court finds AIG has not shown that the Court has jurisdiction over this action.

AIG also argues, "[ExxonMobil's] Designation of 'f/k/a' Mobil Corporation Means that Mobil Corporation is the Named Plaintiff." Doc. 10, Resp., 7. But AIG does not explain why this is the case. AIG cites *DISH Network L.L.C. v. Alexander* for the obvious proposition that, "[a] contracting party that merely changed its name is still a contracting party." *Id.* (citing 2021 WL 3085763, at *5 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, pet. denied) (mem. op.)). But this case does not support AIG's argument that an erroneous "f/k/a" designation alters the Court's jurisdictional analysis. On the face of the state court petition, ExxonMobil asserts its own rights under the Settlement Agreement. Doc. 1-5, Pet., ¶¶ 3–5, 25–28. ExxonMobil is therefore a named party. Both ExxonMobil and AIG are citizens of New York, so the Court does not have diversity jurisdiction over this case.

## IV.

## CONCLUSION

For these reasons, ExxonMobil's Motion to Remand (Doc. 6) is **GRANTED**, and the case is **REMANDED** to state court.

SO ORDERED.

SIGNED: March 13, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE